IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 24, 2006

## STATE OF TENNESSEE v. ARTHUR R. BROOKS

**Appeal from the Criminal Court for Knox County**
**No. 81905     Richard R. Baumgartner, Judge**

---

**No. E2006-00013-CCA-R3-CD - Filed November 29, 2006**

---

The defendant, Arthur R. Brooks, pled guilty pursuant to a plea agreement in the Knox County Criminal Court to three counts of robbery, a Class C felony. The defendant was sentenced as a Range I, standard offender to six years for each conviction, to be served concurrently, with the trial court to determine the manner of service of the sentences. After a sentencing hearing, the trial court ordered that the defendant serve his sentences in confinement. The defendant appeals, claiming that the trial court erred in denying him alternative sentencing. We affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and JOHN EVERETT WILLIAMS, JJ., joined.

Mark E. Stephens, District Public Defender, and John R. Halstead, Assistant Public Defender, for the appellant, Arthur R. Brooks.

Robert E. Cooper, Jr., Attorney General and Reporter; Sophia S. Lee, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Steven C. Garrett and Marsha Mitchell, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

The defendant committed three robberies of Walgreens stores over the course of six days. In the offenses, the defendant posed as a customer who was about to buy something. When the clerk opened the cash drawer, the defendant announced that he was committing a robbery and took the cash from the drawer. On two of the three occasions, the defendant feigned having a weapon in his pocket.

At the sentencing hearing, neither the state nor the defense offered any testimonial proof. The state relied on the presentence report and a letter from the manager of the enhanced probation

program. The presentence report reflected that the defendant attributed his crimes to a drug problem. The defendant reported to the preparer of the presentence report that he was sorry for what he had done and hoped that he would be given the opportunity for rehabilitation. The defendant reported that he had enrolled in a drug rehabilitation program, although a letter from Knox Area Rescue Ministries which the defense introduced reflected that the defendant was enrolled in that program for less than a month. The defendant reported to the presentence officer that he was terminated from the drug rehabilitation program for a rule violation but that the violation was not related to drug use. The defendant's criminal history as reflected in the presentence report includes a prior history of six counts of robbery with a prison sentence in Kentucky. The letter from the manager of the enhanced probation program contains information which is duplicative of that in the presentence report and expresses a belief that based upon the defendant's history, he is not a suitable candidate for enhanced probation. The letter does not reflect that its author interviewed the defendant.

Based upon this evidence, the trial court found that the defendant was not an appropriate candidate for placement in the community "based on his record, based on the nature of these offenses, based on the fact that there are three of them." The court ordered that the defendant serve his effective six-year sentence in the Department of Correction. The defendant filed this direct appeal, in which he contends that the trial court erred by denying probation or other alternative sentencing.

When a defendant appeals the manner of service of a sentence imposed by the trial court, this court conducts a de novo review of the record with a presumption that the trial court's determinations are correct. T.C.A. § 40-35-401(d). However, the presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden is on the appealing party to show that the sentence is improper. T.C.A. § 40-35-401(d), Sentencing Comm'n Cmts. This means that if the trial court followed the statutory sentencing procedure, made findings of fact that are adequately supported in the record, and gave due consideration and proper weight to the factors and principles that are relevant to sentencing under the 1989 Sentencing Act, we may not disturb the sentence even if a different result were preferred. State v. Fletcher, 805 S.W.2d 785, 789 (Tenn. Crim. App. 1991).

When determining if confinement is appropriate, a trial court should consider whether (1) confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct, (2) confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to people likely to commit similar offenses, or (3) measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant. T.C.A. § 40-35-103(1)(A)-(C). The trial court may also consider a defendant's potential or lack of potential for rehabilitation and the mitigating and enhancing factors set forth in Tennessee Code Annotated sections 40-35-113 and -114. T.C.A. §§ 40-35-103(5), -210(b)(5); State v. Boston, 938 S.W.2d 435, 438 (Tenn. Crim. App. 1996). The sentence imposed should be the least severe measure necessary to achieve the purpose for which the sentence is imposed. T.C.A. § 40-35-103(4). Because the defendant was convicted of Class C

felonies, he was entitled to the presumption that he was a favorable candidate for alternative sentencing in the absence of evidence to the contrary. T.C.A. § 40-35-102(6).

The forty-three-year-old defendant had recently been incarcerated in Kentucky for six robbery offenses, yet he committed three more robberies over the course of six days. Measures less restrictive than confinement have recently been applied unsuccessfully to the defendant. T.C.A. § 40-35-103(1)(A). Likewise, the defendant's prospects for rehabilitation are poor. Although he professed remorse for the offenses and his desire to change, he was not able to abide by the terms of the drug rehabilitation program in which he was briefly enrolled after committing these offenses but prior to his arrest and incarceration for the offenses. He has a history of illegal drug use dating back to age eighteen, and at times, he has used drugs on a daily basis. These facts support the trial court's determination that the defendant's favorable candidacy for alternative sentencing had been rebutted and that a sentence of confinement was appropriate.

Regarding the trial court's denial of probation, we note that the determination of whether a defendant is entitled to alternative sentencing requires a different inquiry than when probation is considered. State v. Boggs, 932 S.W.2d 467, 477 (Tenn. Crim. App. 1996). When a defendant is entitled to the statutory presumption in favor of alternative sentencing, the state has the burden of overcoming the presumption, as it did in this case. See T.C.A. § 40-35-102(6); Ashby, 823 S.W.2d at 169. On the other hand, a defendant has the burden of establishing suitability for total probation. See T.C.A. § 40-35-303(b); State v. Bingham, 910 S.W.2d 448, 455 (Tenn. Crim. App. 1995). The defendant failed to demonstrate such suitability.

We have not overlooked the defendant's argument that the manager of the enhanced probation program did not interview the defendant and gathered no information beyond that which was summarized in the presentence report. Although the record on appeal indicates the defendant's assertion is accurate, he had the burden of demonstrating his suitability for probation. He chose not to testify or offer evidence, other than the letter from Knox Area Rescue Ministries, which demonstrated that he was a suitable candidate for probation, and the record otherwise indicates the contrary.

In consideration of the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE